RODGERS, Appellant,

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Appellee.**

[Cite as *Rodgers v. Ohio Dept. of Rehab. & Corr.* (1993), 91 Ohio App.3d 565.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–974.

Decided Nov. 12, 1993.

*Otis L. Rodgers, Sr., pro se.*

*Lee Fisher*, Attorney General, and *John P. Reichley*, Assistant Attorney General, for appellee.

PEGGY BRYANT, Presiding Judge.

Plaintiff-appellant, Otis L. Rodgers, Sr., appeals from a judgment of the Ohio Court of Claims granting the summary judgment motion of defendant-appellee, Ohio Department of Rehabilitation and Correction.

On April 30, 1992, plaintiff filed a complaint against defendant contending that defendant's policy against conjugal visits and masturbation has caused plaintiff to endure the embarrassment and degradation of "nocturnal emissions" for the past nine years in violation of his rights under the Ohio and United States Constitutions, the "Universal Declaration of Human Rights," the "Helsinki Final Act," and the "International Covenant on Civil and Political Rights."

Defendant responded with an answer, followed by a motion for summary judgment. Following plaintiff's response to the summary judgment motion, the trial court granted the motion, finding that the Ohio Court of Claims was without jurisdiction over matters involving violations of constitutional rights. Further, the court found defendant's policy prohibiting sexual activity to be immune from attack under *Reynolds v. State* (1989), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776.

Plaintiff appeals therefrom, assigning two errors:

"I. Whether a prisoner's pro se claims of gross-negligence against the appellees, albeit cited in terms of deprivation of his constitutional rights, is entitled to liberal construction and interpretation of his pleadings as a claim of negligence? *Haines v. Kerner* [1972], 404 U.S. 519, 92 S.Ct. 594 [30 L.Ed.2d 652].

"II. Whether the appellee's prohibition on masturbation is 'criminal negligents' [*sic*], aka, 'domestic war crimes' of psychological-genocide, violative of the plaintiff's inalienable human rights, to prohibit a human being from relieving himself of his internal/biological buildup of excessive body fluids (seman) [*sic*], via a hygienic manner of masturbation, alone, in a restroom, sitting on a receptacle designed for the discharge of body waste (i.e., body fluids)? Thus, stripping the appellees of their immunity? *Reynolds v. State* (1989)[,] 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776."

Plaintiff's two assignments of error are interrelated; thus, we address them jointly.

Given the summary judgment posture of this case, in accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come but to one conclusion, which is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which the party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59

Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, citing *Celotex v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

While the trial court considered plaintiff's complaint to assert violations of his constitutional rights under the Ohio and United States Constitutions, as well as violations of rights plaintiff asserted under various international agreements, plaintiff contends that the allegations of his complaint are actually claims of gross negligence against defendant and properly should be given a liberal interpretation to reach that conclusion. Despite plaintiff's contentions, the allegations of his complaint simply do not assert negligence against defendant; the trial court properly rejected plaintiff's contentions to the contrary.

 Jurisdiction of the Court of Claims is governed by R.C. 2743.02, under which the state waived its immunity from liability and consented to "be sued, and to have its liability determined, in the Court of Claims created in this Chapter in accordance with the same rules of law applicable to suits between private parties * * *." As a result of the foregoing provision, plaintiff is limited in the Court of Claims to causes of action he would have against a private party. See *Thompson v. S. State Community College* (June 15, 1989), Franklin App. No. 89AP–114, unreported, 1989 WL 65450; *White v. Ohio Dept. of Rehab. & Corr.* (Dec. 22, 1992), Franklin App. No. 92AP–1229, unreported, 1992 WL 385913. Because a private party may not be held liable for violations of any of the provisions plaintiff asserts that defendant violated, the Court of Claims lacks jurisdiction over the allegations of plaintiff's complaint.

 Further, the trial court properly found defendant's policies at issue to be immune from attack under *Reynolds, supra.* Specifically, plaintiff objected to defendant's rules of conduct, and in particular Class II, Rule 11, which prohibits consensual acts or physical contact for the purpose of sexually arousing or gratifying either person, and Class II, Rule 29, which prohibits seductive or obscene acts, including indecent exposure or masturbation. Attached to defendant's motion for summary judgment was the affidavit of David A. Turner, Institutional Inspector for defendant, who set forth two reasons for the rules at issue:

"12. First, due to the close proximity and living quarters of all inmates, such acts are not conducive to the orderly operation of the prison environment.

"13. Second, considering the possibility of the transmission of diseases and other unsanitary conditions, such acts would serve to promote and increase the risks of contracting or spreading any number of anti-social diseases (i.e., venereal disease, AIDS, etc.)."

Plaintiff disagreed with the policy reasons set forth in defendant's inspector's affidavit, and submitted his own affidavit in response.

In *Reynolds,* the Supreme Court stated:

"The language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities." *Id.* at paragraph one of the syllabus.

The policies at issue involve the making of a basic policy decision characterized by the exercise of a high degree of official judgment or discretion. While plaintiff disagrees with the reason for the policy, such disagreement does not render defendant subject to liability. Rather, given that rules themselves are a basic policy decision involving the exercise of discretion, some disagreement may be anticipated. Nonetheless, the state may not be held liable for such executive or planning functions. Accordingly, the trial court properly found defendant immune from liability for the policies at issue.

Given the foregoing, we overrule plaintiff's two assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

PETREE and TYACK, JJ., concur.